## DAVID KIRBY vs. ABEL WOOD.

Where error in law is alleged, a writ of error lies only to correct such errors as are apparent upon the record.

Papers presented to a common law court and acted upon only as matter of evidence, are no part of the record.

Where the action was a writ of entry, wherein the demandant declared merely that he was seised of the demanded premises in fee and in mortgage, a mortgage deed and note found filed with the papers in the case, but not particularly referred to in the declaration, are not a part of the record.

THIS was a writ of error brought to reverse a judgment of this Court rendered in favor of *Wood* against *Kirby* at the *March Term*, 1831. The first error assigned was this. " 1. That in the conditional judgment rendered in said suit, the principal in the note mentioned in the mortgage referred to was not due at the time when said judgment was entered up for the sum of $600,71." The decision of the Court on this, covers the whole of the objections appearing in the assignment of errors, or in the argument of counsel. This renders it unnecessary to notice the others. The facts appear in the opinion of the Court. The arguments were in writing.

*Boutelle,* for the plaintiff in error, cited the statute respecting mortgages, *stat.* 1821, *ch.* 39, which provides, " that if the mort-

gagor &c. shall pay to the mortgagee &c. such sum as the court shall adjudge due &c., and contended, that the plaintiff therefore was obliged to produce to the Court his mortgage deed, and this referring in the condition to the note, it was necessary to produce that to the Court, in order that it might determine what was due, so that the note is a part of the record. For this reason the case is not like, and does not fall within the principles of the case, *Pierce v. Adams, 8 Mass. R.* 383. The plaintiff had no remedy by petition for review, even if the three years had not elapsed. *Sturdivant v. Greely, 4 Greenl.* 534; *Elden v. Cole, 8 Greenl.* 211.

*Tenney*, for the defendant in error. As this action is for error in law arising upon the record and face of the proceedings, no facts or evidence aside from the record can affect it. It must stand or fall by itself. If any evidence which can be imagined to have been presented to the Court, when the conditional judgment was rendered, would support it, it cannot be reversed on error. 3 *Black. Com.* 407; 5 *Dane,* 61, *sec.* 1; *Sturdivant v. Greely,* 4 *Greenl.* 539; *Storer v. White,* 7 *Mass. R.* 448; *Pierce v. Adams,* 8 *Mass. R.* 388; *Jarvis v. Blanchard,* 6 *Mass. R.* 4; *Fairfield v. Burt,* 11 *Pick.* 246.

The opinion of the Court was drawn up by

SHEPLEY J. — The errors assigned are, that the damages were illegally assessed; and that the conditional judgment was entered in such a manner as to require the payment of more than was then actually due to prevent the issuing of the writ of *habere facias.* Where error in law is alleged, the writ of error lies only to correct such errors as are apparent upon the record. This record only shews, that the original suit was entry upon plaintiff's own seisin demanding a certain tract of land described, and alleging, that he was seized of it in fee and in mortgage.

There is no description in the record of the deed of mortgage under which the plaintiff claimed title. There is a mortgage deed and a note referred to in the mortgage filed in the case, but nothing, except the presumption which may arise from their being thus filed, to prove, that they were the exhibits presented to the court, from which the amount due was ascertained. They no more constitute any part of the record, than they would in a case submitted to the

jury. The court does indeed by statute make up the amount of the conditional judgment, but in so doing it acts upon proof introduced by the parties, not upon inspection of the record; and such proof in a common law suit is no more entered upon the record when a judge acts upon it than when a jury acts upon it.

In the case of *Storer* v. *White*, 7 *Mass. R.* 448, the note was described in the declaration, and a note was filed, corresponding to such description in all respects except that it does not appear to have been alleged to be payable in foreign money. The defendant was defaulted and the court say " although such a note as was described in the assignment of errors was filed in the case, yet we cannot take notice of it as a part of the record, any more than we could a deposition or other piece of evidence filed." So in the case of *Pierce* v. *Adams*, 8 *Mass. R.* 383, the court say " it cannot appear to us, that the note, a copy of which is sent up with the record, was the note on which the action was brought. But at any rate, it was merely evidence." The argument for the plaintiff in error endeavors to make a distinction between those cases and the present, and says it was the duty of the Court in this case to make up the judgment, and that would have brought before it the mortgage deed describing the note, and thus bring the note before the court, and thence infers, that it became part of the record. The error in this reasoning consists in the conclusion, that whatever is before a court of common law is part of the record. It is not so, when presented to the court and acted upon as matter of evidence; and that is the only manner in which it could have been presented in this case. There is less to identify it even as evidence than there was in the case of *Storer* v. *White*.

*Judgment affirmed.*